**UNITED STATES SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,**

v.

**Dominick J. SAVINO, Defendant–Appellant,**

**Anthony Dong–Yin Shen, Srinivas Anumolu, Ronald W. Pinto, Deborah J. Breckenridge, Defendants.**

No. 06–1398–cv.

United States Court of Appeals, Second Circuit.

Dec. 6, 2006.

Brian G. Cartwright, Jacob Stillman, Katharine Gresham, Jeffrey T. Tao, Securities and Exchange Commission, Washington, D.C., for Plaintiff–Appellee.

Michael J. Grudberg, Stillman, Friedman & Shectman, P.C., New York, N.Y., for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges, and Hon. JED S. RAKOFF, District Judge.*

## SUMMARY ORDER

Defendant Dominick J. Savino appeals the district court's judgment that he violated Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5, as well as Section 20(e) of the Exchange Act by knowingly aiding and abetting Anthony Shen's violations of Section 10(b) and Rule 10b–5. Savino also appeals the district court's order that he disgorge $366,358.04 and the court's injunction against any future violations by Savino of the federal securities laws. We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal.

We affirm the district court's judgment that Savino violated the antifraud provisions of the securities laws, as well as the court's injunction against his future violations. We have carefully considered Savino's arguments on these grounds and find them to be without merit.

The district court ordered Savino to disgorge $366,358.04, which was Savino's net compensation commission in fiscal year 1999 from trades between New York Life and Greenwich Capital. The court mischaracterized this commission compensation, however, as "attributable to [Savino's] New York Life trades with Shen." Accordingly, although some of the district court's factual findings and portions of the eviden-

tiary record would tend to support the conclusion that the scheme to defraud extended to those of Savino's transactions with New York Life in which the counterparty representative was not Shen, we cannot determine whether the district court intended its disgorgement order to extend that far. We remand the case to the district court so that it may either amend, or clarify its basis for the scope of, the order of disgorgement.

For the foregoing reasons, the judgment of the district court is affirmed as to Savino's primary and aiding-and-abetting liability, as is the injunction the court issued against Savino's future violations of the securities laws. But the order of disgorgement is remanded to the district court for amendment or clarification. The district court may, at its discretion, allow supplementation of the record as it deems appropriate. After the district court's decision, jurisdiction may be restored to this court by letter from any party, and the Clerk's Office shall set a briefing schedule and send such proceeding to this panel for disposition without oral argument unless otherwise ordered. *See U.S. v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994). The mandate shall issue forthwith.

---

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.